**FILED**

May 27 2026

**CLERK, U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
BY          s/ GW          **DEPUTY**

ORDERED UNSEALED on 06/08/2026   s/ BreanneC

## ~~SEALED~~

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

May 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>      v.<br><br>GABRIEL MAGANA IGO (1),<br>ROBERT STEVENSON (2),<br>██████████████ ██ ,<br><br>              Defendants. | Case No.    '26 CR2007WQH<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 - Conspiracy; Title 18, U.S.C., Secs. 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2 - Engaging in the Business of Dealing Firearms Without a License and Aiding and Abetting; Title 18, U.S.C., Secs. 922(o) and 924(a)(2) - Possession of a Machinegun; Title 18, U.S.C., Sec. 924(h) - Transfer of Firearms Used to Commit a Felony; Title 18, U.S.C., Sec. 924(d) and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |

The grand jury charges:

At all times relevant to this Indictment:

### INTRODUCTORY ALLEGATIONS

1.      Defendants GABRIEL MAGANA IGO ("MAGANA"), ROBERT STEVENSON ("STEVENSON") and ██████████ ██████████ did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

//

JRE:nlv(1):San Diego:5/27/26

2. The Export Control Reform Act of 2018 ("ECRA") provided, among its stated objectives, that "[t]he national security and foreign policy of the United States required that the export, reexport, and in-country transfer of items, and specific activities of United States persons, wherever located, be controlled." 50 U.S.C. § 4811(2). To that end, ECRA granted the President the authority to control "(1) the export, reexport, and in-country transfer of items subject to the jurisdiction of the United States, whether by United States persons or by foreign persons; and (2) the activities of United States persons, wherever located, relating to" specific categories of items and information. 50 U.S.C. § 4812(a). ECRA further granted to the Secretary of Commerce the authority to establish the applicable regulatory framework. 50 U.S.C. § 4813(a).

3. Pursuant to ECRA, the Department of Commerce ("DOC") reviewed and controlled the export of certain items, including commodities, software, and technologies, from the United States to foreign countries through the Export Administration Regulations ("EAR"), Title 15, Code of Federal Regulations, parts 730-774. In particular, the EAR restricted the export of items that could make a significant contribution to the military potential of other nations or that could be detrimental to the foreign policy or national security of the United States. The EAR imposed licensing and other requirements for items subject to the EAR to be exported lawfully from the United States or re-exported lawfully from one foreign destination to another.

4. The most sensitive items subject to the EAR controls were identified in the Commerce Control List ("CCL"), published at Title 15, Code of Federal Regulations, part 774, Supp. No. 1. Items on the CCL are categorized by an Export Control Classification Number ("ECCN")

based on their technical characteristics. Each ECCN had export control requirements depending on the destination, end user, and end use.

5. The DOC was responsible for licensing the export of a variety of firearms and related commodities from the United States. When required, these licenses were issued by the DOC's Bureau of Industry and Security ("BIS").

6. The firearms transferred on March 18, 2026, April 1, 2026, and April 18, 2026 as alleged in Count 4, Count 5, and Count 6 of this Indictment had been classified by BIS under ECCNs, including 0A506 and A0507(firearms). The firearms transferred on March 18, 2026, April 1, 2026, and April 18, 2026 as alleged in Count 4, Count 5, and Count 6 of this Indictment were therefore controlled for export to Mexico for the following reasons: (i) National Security, (ii) Regional Stability, (iii) Firearms Convention, and (iv) Crime Control. See 15 C.F.R., part 738.2(d); 15 C.F.R., part 738, Supp. No. 1; 15 C.F.R., part 774, Supp. No. 1. Accordingly, the firearms transferred on March 18, 2026, April 1, 2026, and April 18, 2026 as alleged in Count 4, Count 5, and Count 6 of this Indictment, that were subject to export from the United States to Mexico required an export license issued by the BIS. 15 C.F.R., part 736.2(b).

7. Pursuant to 50 U.S.C. § 4819(a)(1), "[i]t shall be unlawful for a person to violate, attempt to violate, or cause a violation of this subchapter or of any regulation, order, license, or authorization issued this subchapter, including any of the unlawful acts described in paragraph (2)." Pursuant to paragraph (2), "[n]o person may order, buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance, forward, otherwise service, in whole or in part, or conduct negotiations to facilitate such activities for, any items

3

exported from the United States, or that is otherwise subject to the [EAR], with knowledge that a violation of this subchapter, the [EAR], or any order, license or authorization issued thereunder, has occurred, is about to occur, or is intended to occur in connection with the item unless valid authorization is obtained therefor." 50 U.S.C. § 4819(a)(2). Pursuant to 50 U.S.C. § 4819(b), "[a] person who willfully commits, willfully attempts to commit, or willfully conspires to commit, or aids and abets in the commission of, an unlawful act described in subsection (a)" shall be guilty of a crime.

## Count 1
### (Conspiracy)
**[18 U.S.C. § 371]**

8. Paragraphs 1 through 7 are re-alleged and incorporated herein.

9. Beginning on a date unknown to the grand jury, but no later than on or about March 13, 2026, and continuing up to and including on or about April 14, 2026, within the Southern District of California, defendants GABRIEL MAGANA IGO, ROBERT STEVENSON, and ███████ ███████ did knowingly and intentionally conspire with each other and with other persons known and unknown to the grand jury, to commit the following offense against the United States:

    a. to engage in the business of dealing firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

### MANNER AND MEANS

10. The object of the conspiracy was carried out, and was to be carried out, in substance in the following manner:

11. Members of the conspiracy, including defendant MAGANA would offer to sell firearms to customers and associates, and would coordinate the date, time, location, and prices of the firearm sales.

4

12. Members of the conspiracy, including defendants MAGANA, STEVENSON, and ▇▇▇▇▇ would travel to meet customers and associates to deliver firearms and complete pre-arranged firearm sales.

13. Members of the conspiracy, including defendants MAGANA and ▇▇▇▇▇ would collect the proceeds of those firearm sales.

## OVERT ACTS

14. In furtherance of the conspiracy, and to accomplish its object, defendants MAGANA, STEVENSON, and ▇▇▇▇▇ together with each other and with others known and unknown, on or about the dates set forth below, committed and caused to be committed various overt acts, in the Southern District of California, including but not limited to the following:

### March 13, 2026: Sale of Eight Firearms

15. Overt Act No. 1: On March 13, 2026, defendant MAGANA arranged to meet a person whom he believed to be a firearms customer, but who was an undercover ATF special agent ("UC-1"), to sell eight firearms for $7,500.

16. Overt Act No. 2: On March 13, 2026, defendants MAGANA and STEVENSON traveled to El Centro, California, within the Southern District of California, to meet UC-1 and sell UC-1 eight firearms.

17. Overt Act No. 3: On March 13, 2026, defendants MAGANA and STEVENSON met UC-1 in El Centro, California to confirm that UC-1 possessed $7,500 as payment for the eight firearms before providing the firearms to UC-1.

18. Overt Act No. 4: On March 13, 2026, after defendant MAGANA confirmed that UC-1 possessed $7,500 in cash as payment for the eight firearms, defendant STEVENSON contacted a co-conspirator to have the eight firearms brought to the deal location for sale to UC-1.

19. Overt Act No. 5: On March 13, 2026, defendant STEVENSON took seven of the firearms from another co-conspirator and brought them to UC-1 for inspection as part of the firearm sale.

20. Overt Act No. 6: On March 13, 2026, defendant MAGANA accepted the $7,500 cash payment in El Centro, California from UC-1 for the eight firearms.

**March 18, 2026: Sale of Five Firearms**

21. Overt Act No. 7: On March 18, 2026, defendant MAGANA arranged to sell five firearms for $6,100 to UC-1.

22. Overt Act No. 8: ███████████ ████████████████████
████████████████████████████████████████████████
█████████

23. Overt Act No. 9: ████████████ ██████ ███████████████
███████████████████████████. ██████████████ ███████
███████████████████ █████ █████████████████
█████████████████ █████████████████████
███████████████

**April 1, 2026: Sale of Five Firearms**

24. Overt Act No. 10: On April 1, 2026, defendant MAGANA arranged to sell five firearms for $6,450 to UC-1.

25. Overt Act No. 11: On April 1, 2026, defendant MAGANA and a co-conspirator traveled to El Centro, California to meet UC-1 and sell UC-1 five firearms for $6,450.

26. Overt Act No. 12: On April 1, 2026, defendant MAGANA and a co-conspirator delivered five firearms to an individual whom he believed to be an associate of UC-1, but who was another undercover ATF special agent ("UC-3").

//

6

27. <u>Overt Act No. 13:</u> On April 1, 2026, defendant MAGANA accepted the $6,450 cash payment in El Centro, California from UC-3 in exchange for the five firearms.

**April 14, 2026: Seizure of Additional Firearms**

28. <u>Overt Act No. 14:</u> On April 14, 2026, defendant MAGANA arranged to sell 13 firearms for $15,000 to UC-1.

29. <u>Overt Act No. 15:</u> On April 14, 2026, defendants MAGANA and STEVENSON, and another co-conspirator, traveled to El Centro, California to meet UC-1 and sell 13 firearms to UC-1.

30. <u>Overt Act No. 16:</u> On April 14, 2026, defendant STEVENSON brought multiple firearms to UC-1 for inspection as part of the firearm sale MAGANA coordinated with UC-1.

31. <u>Overt Act No. 17:</u> On April 14, 2026, defendants MAGANA and STEVENSON, and another co-conspirator, entered the deal location with UC-1 to complete the $15,000 firearm purchase.

All in violation of Title 18, United States Code, Section 371.

## Count 2
**(Engaging in the Business of Dealing Firearms Without a License and Aiding and Abetting)**
**[18 U.S.C. §§ 921(a)(1)(A), 923(a), 924(a)(1)(D), and 2]**

32. Beginning no later than on or about March 13, 2026, and continuing through on or about April 14, 2026, within the Southern District of California, defendants GABRIEL MAGANA IGO, ROBERT STEVENSON, and ██████ ██████, not being licensed as an importer, manufacturer, and dealer of firearms, willfully engaged in the business of dealing in firearms; all in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2.

//

//

## Count 3
### (Possession of a Machinegun)
### [18 U.S.C. §§ 922(o) & 924(a)(2)]

33.    On or about April 1, 2026, within the Southern District of California, defendant GABRIEL MAGANA IGO did knowingly possess a machinegun, to wit: a "Glock switch" machinegun conversion device designed and intended to convert a semiautomatic firearm into a machinegun, which is a machinegun as defined in Title 26, United States Code, Section 5845(b); in violation of Title 18 United States Code, Sections 922(o) and 924(a)(2).

## Count 4
### (Transfer of Firearms for Use in a Felony)
### [18 U.S.C. § 924(h)]

34.    On or about March 18, 2026, within the Southern District of California, defendant GABRIEL MAGANA IGO did knowingly transfer firearms, knowing and having reasonable cause to believe that the firearms would be used to commit a felony, and a crime under the Export Control Reform Act of 2018 (50 U.S.C. 4801 et seq.), and did attempt and conspire to do so; in violation of Title 18, United States Code, Section 924(h).

## Count 5
### (Transfer of Firearms for Use in a Felony)
### [18 U.S.C. § 924(h)]

35.    On or April 1, 2026, within the Southern District of California, defendant GABRIEL MAGANA IGO did knowingly transfer firearms, knowing and having reasonable cause to believe that the firearms would be used to commit a felony, and a crime under the Export Control Reform Act of 2018 (50 U.S.C. 4801 et seq.), and did attempt and conspire to do so; in violation of Title 18, United States Code, Section 924(h).

## Count 6
### (Transfer of Firearm for Use in a Felony)
[18 U.S.C. § 924(h)]

36. On or April 14, 2026, within the Southern District of California, defendant GABRIEL MAGANA IGO did knowingly transfer firearms, knowing and having reasonable cause to believe that the firearms would be used to commit a felony, and a crime under the Export Control Reform Act of 2018 (50 U.S.C. 4801 et seq.), and did attempt and conspire to do so; in violation of Title 18, United States Code, Section 924(h).

## FORFEITURE ALLEGATIONS

37. The allegations contained in this Indictment are realleged herein and incorporated as a part hereof for purposes of seeking forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

38. Upon conviction of one and more of the offenses alleged in this Indictment and pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), defendants GABRIEL MAGANA IGO, ROBERT STEVENSON, and ███████ ██████ shall forfeit to the United States all firearms and ammunition involved in the offenses. The property to be forfeited includes but is not limited to:

    a. a Masterpiece Arms 9mm pistol bearing serial number FX68378;

    b. a Glock 9mm pistol bearing serial number BWSK058;

    c. a Glock 10mm pistol bearing serial number HYZ302;

    d. a Glock 9mm pistol bearing serial number CATK901;

    e. a Glock 10mm pistol bearing serial number BWKB472;

9

f.   a Glock 9mm pistol bearing serial number WVD377;

g.   a Sarsilmaz 9mm pistol bearing serial number T1102-20BV03192;

h.   a Diamondback 5.56 caliber rifle bearing serial number DB2760198;

i.   a Anderson Manufacturing 5.56 caliber rifle bearing serial number 22136515;

j.   a Anderson Manufacturing 5.56 caliber pistol bearing serial number 19263484;

k.   a Zrodelta .223 caliber rifle bearing serial number ZAR03909;

l.   a Diamondback Firearms 5.56 caliber rifle bearing serial number DB2545997;

m.   a Palmetto State Armory .223 caliber pistol bearing serial number SCNL010279; and

n.   a Glock .40 caliber pistol bearing serial number UXS162.

All in violation of Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

DATED: May 27, 2026.

A TRUE BILL:

████████████████████████

Foreperson

ADAM GORDON
United States Attorney

By:   _____
      JAMES REDD
      Assistant U.S. Attorney

10